## No. 25332

Carl Parlapiano, District Attorney, Tenth Judicial District, Pueblo, Colorado v. District Court in and for the Tenth Judicial District, State of Colorado, and Honorable Jack F. Seavy, District Judge in and for the Tenth Judicial District, State of Colorado

(492 P.2d 626)

Decided' January 10, 1972.

Carl Parlapiano, District Attorney, Cecil L. Turner, Chief Deputy, for petitioner.

Kettelkamp and Vento, W. C. Kettelkamp, Jr., for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

There is here involved a criminal charge of possession of a dangerous drug under 1969 Perm. Supp., C.R.S. 1963,

48-8-2(5). The defendant moved for suppression of the central evidence, being approximately three dozen amphetamine tabs. The tabs were seized incidental to a warrantless arrest, which resulted from a tip given by a confidential informant. The court denied the motion, finding that "the reliability of the informer was sufficiently established" and that there was sufficient probable cause for the arrest. The defendant did not request disclosure of the identity of the informant. In its order, however, the court found that the "defendant's right to a fair trial requires that the identity of the informer in this case be disclosed to defendant"; and it included in the order that, if the People proceeded to trial, the informer's identity would have to be disclosed.

The district attorney filed a petition here for a writ of prohibition to prevent such disclosure. We issued a rule to show cause why the relief sought by the district attorney should not be granted. We make the rule absolute.

■ The respondents cite *Roviaro v. United States,* 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957). It was there said:

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. [citing cases] The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement.

\* \* \*

"A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. Most of the federal cases involving this limitation on the scope of the informer's privilege have arisen where the legality of a search without a

warrant is in issue and the communications of an informer are claimed to establish probable cause. In these cases the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication.

\* \* \*

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."

The record discloses no showing that disclosure of the informant's identity will be relevant and helpful to the defense. Absent such a showing, disclosure should not be ordered for this reason.

Counsel for respondent argues that at the conclusion of the suppression hearing respondent was unsure of the informant's existence, and consequently of the probable cause for the arrest of the defendant and seizure of the drugs. Such a contention is not supported by the record and is contradicted by the finding of probable cause and the denial of the suppression motion.

The rule is made absolute.